UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| MICHAEL ANTHONY MATTINGLY | ) | Case No. 06-40352 |
| VALERIE ANN MATTINGLY | ) | |
| Debtor | ) | |
| | ) | |
| HARRY L. MATHISON, TRUSTEE | ) | A.P. No. 06-4095 |
| Plaintiff. | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL LAMBERT | ) | |
| LISA LAMBERT | | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM

On November 14, 2006, the Plaintiff, Harry L. Mathison, the Chapter 7 Trustee (the "Trustee") initiated this action against the defendants alleging that they received a preferential transfer as defined under 11 U.S.C. § 547. The defendants filed an answer on December 13, 2006, denying the allegations set forth in the complaint. At the pre-trial conference held on January 23, 2007, the parties waived a formal evidentiary hearing and requested the Court rule based upon stipulations and briefs to be filed. On May 24, 2007, 2007, the parties filed a pleading entitled "Stipulation of Facts" and on June 14, 2007, the parties filed briefs in support of their positions. On July 13, 2007, the Trustee filed a Reply Brief addressing some of the issues raised by the defendants in their brief. The Court took this matter under submission on July 23, 2007.

The Stipulation of Facts, which the Court hereby adopts and incorporates by reference, covers most of the relevant facts. On July 16, 2004, the debtor, Valerie Mattingly, borrowed from the defendant, Michael Lambert, the sum of $32,000.00. Michael Lambert is the brother of Valerie Mattingly, and Lisa Lambert is the sister-in-law of Valerie Mattingly. On September 30, 2005,

Warren Insulation, Inc., a corporate entity owned by the debtors, sold its assets to Lisa Lambert for $125,000.00. As part of the purchase price, Lisa Lambert received a credit of $21,316.00, an amount representing the balance of the remaining debt owed to Michael Lambert by Valerie Mattingly. The debtors commenced their Chapter 7 case on June 9, 2006, and the Court appointed the Trustee on June 12, 2006. The Trustee commenced this adversary on November 14, 2006. The Trustee contends that the credit given to Lisa Lambert on her purchase of Warren Insulation constitutes a preferential transfer under 11 U.S.C. § 547.

One of the fundamental tenets of the law of bankruptcy is the equality of distribution of a debtor's usually limited assets. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 177-78 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6138 (noting the "prime bankruptcy policy of equality of distribution among creditors"). In furtherance of that policy, § 547 authorizes the post petition recovery of a debtor's pre-petition transfers that are deemed to be preferential in nature. Section 547(b) provides that:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made-
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if-

>    (A) the case were a case under chapter 7 of this title;
>
>    (B) the transfer had not been made; and
>
>    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  The burden of proving each of the above elements falls on the Trustee. 11 U.S.C. § 547(g).  "Unless each and every one of these elements is proven, a transfer is not avoidable as a preference under 11 U.S.C. § 547(b)." <u>Waslow v. The Interpublic Group of Cos. (In re M Group, Inc.)</u>, 308 B.R. 697, 700 (Bankr. D. Del. 2004) (citations omitted).  Furthermore, with respect to the insolvency element, 11 U.S.C. § 547(f) creates a presumption that debtors have been insolvent on and during the 90 days immediately preceding the date of the filing of the bankruptcy petition.

Assuming *arguendo* that the Trustee has met the first, second, and fourth of the preference elements, the record is completely devoid of any proof with respect to the third element (insolvency at the time of the transfer) and the fifth element (Chapter 7 test).  The Stipulations of Fact fail to address both of these critical elements.  Moreover, the Trustee relies upon the longer look back period for insiders to challenge this transaction and may not use the 90 day presumption period of insolvency created by § 547(f).  This transfer took place on September 30, 2005, nine months before the debtors filed their bankruptcy petition on June 9, 2006.  Without any evidence to establish the debtors' insolvency at the time of the transfer, the Trustee failed to meet the burden imposed upon him by § 547(g).  The Trustee, either intentionally or inadvertently, omitted any discussion of this element in his original brief.  In his Reply Brief, the Trustee addresses the issue by stating "a review of the Debtors' Schedules does not create a picture of solvency."  He goes on to state "[the] unsecured debt listed on their Schedules, all of which <u>appears</u> to have existed at the time of the alleged preferential conveyance, far exceeded the value of the property which they own."(Emphasis

added). First of all, the parties did not reference the debtors' schedules and they are not part of the Joint Stipulations. Secondly, the schedules reflect the debtors' financial situation as of the date of the filing of the petition. They do not reflect the debtors' financial situation nine months prior to the filing of the petition, when the transfer occurred. The Trustee appears to be equating the debtors' financial status in September 2005, the time of the transfer, and June 2006, the date of the petition. Section 547 does not support such a contention.

Under § 547(b)(3), the relevant time period for determining solvency is the time at which the transfer was made. In this case, nine months elapsed between the time of the transfer and the date of the filing of the bankruptcy petition. As the court held in In re Strickland, 230 B.R. 276, 283 (Bankr. E.D. Va. 1999),

> Insolvency on the petition date, however, does not mean that the Debtor was insolvent at the time when the Loan was repaid, and because the schedules are the only evidence which the Court has to consider, the Court finds that the Trustee has not carried his burden on this issue. The Trustee made no showing nor offered any proof as to whether the Debtor's liabilities exceeded his assets when the alleged preference was made.
>
> Evidence of insolvency on the date of the alleged preference is the critical issue and proof of insolvency on any other date is insufficient. See In re Davis, 120 B.R. 823, 825 (Bankr. W.D. Pa.1990). Thus, proof by the Trustee that the Debtor was insolvent on the petition date does not translate into a finding of insolvency nine months earlier; the determination is to be made at the time of the alleged preference, not at the time of the petition. Id. The fact that the Debtor was insolvent nine months after the alleged transfer is immaterial because evidence of insolvency on a date significantly distant in time from the date of the alleged transfer, without more, is "insufficient to support finding of insolvency on date of transfer for preference ... purposes." In re Washington Bancorporation, 180 B.R. 330, 333 (Bankr. D.D.C. 1995) (Court held that proof of insolvency in August of 1990 was not sufficient to demonstrate insolvency on the date of the alleged preference in February of 1990).

In this case, the Trustee has offered no proof as to the debtors' financial condition on the date of the

alleged preferential transfer. Instead, the Trustee relies only upon the debtors' schedules, which, as set out above, are clearly insufficient to prove the debtors' financial status for a period of time nine months prior to the filing of the bankruptcy petition. Finally, while the unsecured debt listed in the schedules "appears" to have existed at the time of the conveyance, this record lacks any evidence to support this conclusion.

With respect to the Chapter 7 test, in order to recover a preferential transfer, the Trustee must prove the transfer allowed the creditor to receive more than it would have if the case had been under Chapter 7. Again, the Stipulation of Facts is completely devoid of any evidence as to this point. In his original brief, the Trustee concludes that "[there] appear to be no other unsecured assets of the Debtors which are available for distribution to unsecured creditors." (Emphasis added). "Appearances" cannot serve as a substitute for evidence and the Court rejects the "smoke and mirrors" approach as an unpalatable alternative for actual proof of the necessary elements of a preference.

In conclusion, the Trustee has failed to meet his burden of proof as required in § 547(g). The Trustee presented no evidence for this Court to conclude that either § 547(b)(3) or § 547(b)(5) are satisfied. As the Trustee has failed to meet his burden with respect to these elements, the Court need not address the other issues raised by the parties, and the Court will enter a judgment in favor of the defendants and against the Trustee.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| MICHAEL ANTHONY MATTINGLY | ) | Case No.  06-40352 |
| VALERIE ANN MATTINGLY | ) | |
| Debtor | ) | |
| | ) | |
| HARRY L. MATHISON, TRUSTEE | ) | A.P. No.  06-4095 |
| Plaintiff. | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL LAMBERT | ) | |
| LISA LAMBERT | | |
| Defendant. | ) | |
| _____ | ) | |

## **JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the complaint filed by the Trustee is **DISMISSED**.